No. 2901.—THE STATE OF LOUISIANA, ex rel. SOUTHERN BANK, v. THE JUDGE OF THE EIGHTH DISTRICT COURT, Parish of Orleans.

| 22 581 |
| 52 1188 |

The Chief Justice of the Supreme Court, or the senior Justice thereof, may, in vacation, on application for a writ of mandamus against a court of inferior jurisdiction, grant a rule *nisi* against such judge, ordering him to show cause on a day fixed at the next regular term of the court, why the writ should not isssue.

A rule *nisi* or order of the Supreme Court, directing a court of inferior jurisdiction to show cause on a day fixed, why a writ of mandamus should not issue compelling him to grant an appeal in the case, is not a judgment of the court. Therefore, such order may be granted in chambers and signed by the Chief Justice or the senior Justice thereof.

The Supreme Court has appellate jurisdiction only, and the right of appeal is secured to every litigant by the constitution. It therefore becomes the duty of the Supreme Court to rotect litigants against all encroachments upon this right by inferior jurisdictions.

APPLICATION for Writs of Mandamus and Prohibition. *Hays & New*, for Emerson, Judge of the Third District Court, presiding in the Eighth District Court. *John H. Ilsley* and *Thomas Gilmore*, for relators.

LUDELING, C. J. In August last, after the Supreme Court had adjourned, an application in the above entitled cause, addressed to the Supreme Court of the State of Louisiana, was made to the Chief Justice for writs of mandamus and prohibition against the judge of the Eighth District Court of the parish of Orleans (C. M. Emerson, judge of the Third, then presiding in the Eighth), to compel him to grant an appeal in the case of The State of Louisiana ex rel. Jacob Strauss v. Southern Bank, and to prohibit him from executing the judgment rendered, until the final disposition of the application for an appeal. The application having been made in vacation, the Chief Justice granted the provisional orders and fixed a day for the trial thereof, at the next regular term of the Supreme Court.

On the day fixed, the judge failed to show cause; but Jacob Strauss appeared by counsel, and for answer said: "The writs herein have not been issued by this honorable court, but by one member thereof in vacation; and that the same is not authorized by law."

In substance, the argument of the counsel for Strauss is, that these

writs can only be issued by a court or tribunal, because in the various articles of the Code treating on this subject, the power is not conferred upon the judge or judges, but upon the court or tribunal of competent jurisdiction, and he refers to articles 829, 837, 839, 845, 847, 848 and 184, Code of Practice. And he asks, What constitutes the Supreme Court? Article 73 of the constitution is not ambiguous; a majority of the parties constitute the court, and no judgment can be rendered except three of the Justices concur. But it is equally clear that no judgment can be rendered by the court except in open court; whereas, the practice has always been to issue these orders *nisi*, in chambers, the Chief Justice or senior Justice present signing them. It is because they are not judgments, but orders in the nature of citations or summonses, that the practice has grown up. If the position of the defendant be correct, these orders should only be granted in open court.

But an examination of the law will show that the practice of issuing these orders in chambers, under the signature of the Chief Justice, is not in violation of law. Article 829 of the Code of Practice, relied on by the defendant, declares that a mandamus " *est un ordre rendu au nom de l'Etat* PAR UN JUGE *de jurisdiction compétente,*" etc., "is an order granted in the name of the State by a judge of competent jurisdiction." The French text should control.

"It is a matter of notoriety in the profession, and has been frequently recognized by this court, that the Code of Practice was originally written in French, and that the English translation was very negligently executed, the consequence of which has been many gross faults of translation and perversions of the meaning of the legislator, in the English text." 9 An. 12, Mills *v.* Jones. Article 831, Code of Practice, declares this order may be issued at the discretion of the judge. This article is correctly translated.

Article 830, Code of Practice, declares the object of the writ of mandamus to be "to prevent a denial of justice," etc., and directs that the judges of "the district and parish courts shall have the right to try a mandamus in chambers during the recess of said court." Other judges may issue the orders, but not try them, in chambers.

The right to appeal is granted by the constitution, and it is the duty of this court to protect litigants against all encroachments upon this right by inferior courts. The Supreme Court, as well as other courts, possesses the powers which are necessary for the exercise of the jurisdiction given to it by law, in all the cases not expressly provided for by the Code. C. P. 877.

When, in the progress of a suit, a necessity arises for the application of these writs, and the Supreme Court is not in session, *ex necessitate rei*, the Chief Justice or the senior Justice present should grant the pro-

visional order.  Any other interpretation of the law would do violence to the clear intention of the lawmaker and to justice.

It is therefore ordered that the mandamus be made peremptory, and that the prohibition be made perpetual.

----

HOWELL, J., *concurring.*  I had entertained the opinion, formed after an examination of the articles of the Code of Practice on this subject, that the order for a provisional mandamus must issue from a court, and that, as one of the judges of this court is not the court, he was without adequate authority to issue the order in the absence of the other judges, or enough to constitute a quorum.  And I had grave doubts, whether, under existing legislation, the court could act, even for this purpose, in vacation; but as cases of pressing necessity do arise, and I do not see that any serious inconvenience can result from the practice recognized in the present ruling, I yield my views to the more mature opinion of my brethren.

It is very properly inferred that, if a court has the power to issue a writ of mandamus, it is vested with the power to take all necessary incipient and preliminary steps to accomplish that end, at any time, if not contrary to express law, which it may deem requisite; and it may well be inferred that, as one of the judges in granting the preliminary order, acts in the name of the court, it may be considered the act of the court, until the court formally sets it aside.  For this reason, and without expressing an opinion upon the question, as to whether or not the French text must prevail, I concur.